# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 11-3193 DSF (VBKx) | Date | 5/12/11 |
| Title | Constance Schmucker, et al. v. Novartis Pharmaceuticals Corp. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order to Show Cause re Venue

Before the Court is a complaint filed by plaintiffs Constance and Robert Schmucker. The complaint alleges various claims arising out of Defendant Novartis Pharmaceuticals Corporation's production and marketing of drugs that allegedly cause osteonecrosis of the jaw. Based on the allegations in the complaint, plaintiffs reside in Genoa City, Wisconsin, and Defendant is a Delaware corporation with its principal offices located in New Jersey.

The Court orders Plaintiffs to show cause, in writing not to exceed 15 pages, why this action should not be transferred to the United States District Court for the Eastern District of Wisconsin ("Eastern District of Wisconsin") due to improper venue or, alternatively, for the convenience of the parties and witnesses and in the interests of justice. See 28 U.S.C. §§ 1404(a); 1406(a). All factual matters relied on in Plaintiffs' submissions must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate, Plaintiffs are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether venue is proper in the Central District of California ("Central District");

2. Whether venue is proper in the Eastern District of Wisconsin;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

3. What contacts, if any, each of the parties has to the Central District and to the Eastern District of Wisconsin. Plaintiffs should include information regarding the location of Defendant's administrative offices, real property, sources of revenue, and points of public contact;

4. What connection Plaintiffs' causes of action have to the Central District and to the Eastern District of Wisconsin;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Eastern District of Wisconsin;

7. The ease of access to sources of proof in each of the two forums;

8. The expected difference in the cost of litigation in the Central District as compared to the Eastern District of Wisconsin; and

9. Whether there are any alternative forums, other than the Central District or the Eastern District of Wisconsin, that would be more convenient for this action and why, keeping in mind the inquiries above.

Plaintiffs are ordered to file a response to this Order no later than May 19, 2011. Failure to timely respond to this Order may result in the dismissal of this action without prejudice. Plaintiffs are ordered to serve this Order on any served defendant no later than three days from the date of the Order.

IT IS SO ORDERED.